# CV 15    3821

[ORIGINAL stamp]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED CLERK
2015 JUN 30 PM 1:56
U.S. [illegible]

SAMPLE — Sorry for using this form.
DO NOT SUBMIT THIS FORM TO THE COURT — They want me to be Homeless

------------------------------X

[Your Name], Marie L Banks — AKA Gervais
    Plaintiff,

COMPLAINT

GLEESON, J.

- against -

N.Y.C Housing Authority
[Insert Names],

Jury Trial Demanded

SCANLON, M.J.

    Defendants.

------------------------------X

**I. Parties:**

Plaintiff Marie L Banks, resides at 194 Malcolm x Blvd apt B3 Brooklyn N.Y 11221

Defendant NYC Housing Authority, resides at P.O. Box 19201 Long Island City, N.Y 11101

Defendant _____, resides at _____

Federal Court aware - I was assaulted & charged for Section 8 —

**II.** The jurisdiction of the Court is invoked pursuant to Harassment / False Accusation city Mass grave runner Community army against civilian

**III.** Statement of Claim. [give a clear and concise statement of facts: where the claim arose, the date of each relevant event, a description of what occurred and how each defendant named was involved in the claim] I never tell section 8 that I was a military. I always tell them that I have a live in aid for my kidnapping not to be done. Me and my AID are 2 Disabled People. He has a representative payee

**IV.** Remedy. State what relief, such as money damages, you seek from each defendant.

3 millions dollars / Section 8 and the Community is staging kidnapping for the city Jihad — Do I have to explain June 30, 2015 who are my
Date    Friends - The Pictures in my living room? By the U.S. Constitution?

Marie L Banks
Sign Your Name

Phone Hacked / minutes stole from Free Government Phone
Telephone Number

He does not want to file a Police report when the Post Office stole his award letter from Social Security Administration.

They also stole my Immigration papers, my motor vehicule Identification (learner permit ×) ID card
my Macy's credit card

A Daily Harassment 24/7 to rob, and arson when they are being investigated.

Please tell Section 8 to stop Harassing me, Because the community wants me out of the williams - Burg - area - My Father told me the williams are his family - on the Contrary you honor you can trace the <u>Story of Houses</u> builded by Brittish, Help me find wich one Joseph Banks had left for his great great children, So I can Kick the Thieves/criminals ruling the Brown Stone House multi million dollars out of Native - American Brittish Gender. I never lies to Section 8. New York City Housing where every super is running <u>Mass Grave</u>. they cannot cut my subsidies By playing Technic. Go over my application I fill out with Honesty and Gratitude for the Help I received. I am not Moving out. —

Marie L Banks
AKA Gervais

– Complaint –

Every years at recertification time, I always reported on my application that I have a live-in Aid after Rose Quinones assaulted me for section 8 to pay her while I was Confined – My live in Aid Become Disabled 64 years old with a representative payee I also tell them – I asked him if he wants to share his information to section 8 He told me the Doctor said that he is dying and he is going to a Nursing Home. He does'nt know what to do until the doctor decided. I have informed section 8.

The Community that broke in my apartment saw pictures of my friends in AIR Force service, military school of Haiti, A game my son bought called "Zombie" walking dead a plastic Pink Television game shooting and decided to move me out with Section 8 Harassment to cut the rent – Same rules in Haiti by Tonton Macoute to rob – They have armies in the Area called "Blue Army, Red, Pink, Yellow" that break in daily – rob, search, Kill, weekly, No one ever see me or my living aid doing Illegal Activity in the Area.

New York
6/30/2015

Honorable,

Yesterday at about 7pm I walked home, Henri Germain Pyram walked home from the doctor's office where he had procedure done, to smell fish type of smell like female genitalia smell, in my mediation bag, my pillow. He also said it smell it too on his bed.

The Papers I handled to the Court related to the disappearance of my sister's picture my nursing photocopies and GED licenses have been taken by the African mafia in the area with the Super.

An African Mafia that do assassination on motorcycle, car while running after they take American Airlines go to Haiti do the murder return to the United States the same day. The next fly returning to the U.S. Pay By Haitians Political Party.—

My sister Rose Mary Banks is in danger with her picture in their hand. Please Help!

Marie L Banks

SOCIAL SECURITY ADMINISTRATION

```
                                         Date: June 29, 2015
                                         Claim Number: XXX-XX-5175A
                                                       XXX-XX-5175DI
```

MARIE L BANKS GERVAIS
PO BOX 750192
FOREST HILLS NY 11375-0192

You asked us for information from your record. The information that you requested is shown below. If you want anyone else to have this information, you may send them this letter.

Information About Current Social Security Benefits

   Beginning December 2014, the full monthly
   Social Security benefit before any deductions is......$ 1522.60

   We deduct $136.40 for medical insurance premiums each month.

   The regular monthly Social Security payment is.......$ 1386.00
   (We must round down to the whole dollar.)

   Social Security benefits for a given month are paid the following month. (For example, Social Security benefits for March are paid in April.)

   Your Social Security benefits are paid on or about the third of each month.

Date of Birth Information

   The date of birth shown on our records is February 15, 1956.

Medicare Information

   You are entitled to hospital insurance under Medicare beginning November 1996.

   You are entitled to medical insurance under Medicare beginning July 2000.

SUSPECT SOCIAL SECURITY FRAUD?

   Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

IF YOU HAVE QUESTIONS

We invite you to visit our web site at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local office at 877-255-1506. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

                      SOCIAL SECURITY
                      6344 AUSTIN STREET
                      REGO PARK, NY 11374

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

                                                OFFICE MANAGER

T-1

**NEW YORK CITY HOUSING AUTHORITY**
**LEASED HOUSING DEPARTMENT**
PO Box 19201
Long Island City, NY 11101



## NOTICE OF TERMINATION OF SECTION 8 SUBSIDY

MARIE BANKS GERVAIS

194 Malcolm X Blvd Apt B3,

Brooklyn, NY, 11221

06/21/2015

A. Voucher # 0222476

**B.** The New York City Housing Authority intends to terminate your Section 8 rent subsidy for the reason(s) checked below:

1. You have violated your family obligation(s) under Section 8 Existing Housing because:

   **a.** ☐ You did not permit your apartment to be inspected on _____ and _____ after reasonable notice.

   **b.** ☑ You have not supplied or properly completed the following documents or information needed to process your annual or interim income recertification for NYCHA to administer the Section 8 program:

| Document/Form | Family Member(s) |
|---|---|
| 1. ☐ Affidavit of Income | |
| 2. ☐ Annuity Statement | |
| 3. ☐ Bank Statements and/or Passbooks | |
| 4. ☐ Certificate of Net Worth and Income from Operation of Business | |
| 5. ☐ Declaration of Assets for Last 12 Months | |
| 6. ☐ Interest Statement (1099) | |
| 7. ☐ Letter from Employer Verifying Employment | |
| 8. ☐ Life Insurance Cash Value Statement | |
| 9. ☑ Military/Veterans Payment Statement | MARIE BANKS GERVAIS |
| 10. ☐ Pay Stubs | |
| 11. ☐ Pension Award Letter | |
| 12. ☐ Proof of Cash Contributions to the Household | |

NYCHA 059.001 (Rev. 7/23/14v9) VS_20121128   NOTICE OF TERMINATION OF SECTION 8 SUBSIDY



| Document/Form | Family Member(s) |
|---|---|
| 13. ☐ Proof of Child Support/Alimony | |
| 14. ☐ Proof of Income – Adoption/Foster Care | |
| 15. ☐ Proof of Other Assets (i.e., 401k, Bonds, IRA/ROTH, IRA, Retirement Account, Stocks, Trust Fund) | |
| 16. ☐ Proof of Real Estate | |
| 17. ☐ Proof of Self Employment Income | |
| 18. ☑ Proof of Workmen's Compensation Benefits | MARIE BANKS GERVAIS |
| 19. ☐ Request for Transcript of Tax Return | |
| 20. ☑ Third Party Verification – Consent to Release Information | MARIE BANKS GERVAIS |
| 21. ☐ Verification of Income – Full Year (NYCHA Form 059.613) | |

**IMPORTANT:** You may upload your document on the Tenant Self-Service Portal. You will receive instant confirmation that your documents have been received. Visit NYCHA's website at www.nyc.gov/nycha to access the Tenant Self-Service Portal.

c. ☐ You have not used your apartment under the Section 8 program solely for residence by your family since approximately _____, in that you have:

　　1. ☐ Sublet/assigned/transferred your apartment.

　　2. ☐ Operated an unauthorized business in your apartment.

　　3. ☐ Permitted an unauthorized person to reside in your apartment.

d. ☐ You have not used your apartment under the Section 8 program as your family's principal place of residence since approximately _____, in that your family's principal residence was:

e. ☐ You have not provided true and complete information about your family income or composition in the affidavit(s) of income submitted by you on the following date(s):

f. ☐ You have received Section 8 rental assistance while you received another housing subsidy under any federal, state, or local housing subsidy under any federal, state, or local housing assistance program.

g. ☐ You have breached your stipulated agreement dated _____ to pay amounts owed and you still owe $

h. ☐ You or an authorized family member moved out of your apartment without notifying NYCHA, or you have not supplied requested information or certification to verify your or a family member's current address.

i. ☐ You were evicted from your apartment or did not promptly provide a copy of an eviction notice.

j. ☐ You have failed to participate in case management under the Veterans Affairs Supportive Housing Program: See attached statement.

k. ☐ You did not allow access to your landlord for repairs.

**E.** Check the appropriate box(es):

1. ☐ I would like a hearing to contest termination of my Section 8 rent subsidy.

2. ☐ I would like an informal conference. (If the conference does not resolve the problem, a hearing will be scheduled.)

| 3. Signature | 4. Date (mm/dd/yyyy) | 0222476 F. Voucher # |
|---|---|---|

**G.** Return this form to: New York City Housing Authority
Leased Housing Department
P.O. Box 19201
Long Island City, NY 11101

4 of 4

NYCHA 059.001 (Rev. 7/23/14v9) VS_20121128  **NOTICE OF TERMINATION OF SECTION 8 SUBSIDY**

l. ☐ You have not corrected the damage(s) that was caused by you or another family member.

m. ☐ You have committed serious or repeated violations of your lease: See attached statement.

n. ☐ You or another family member engaged in violent, threatening, or abusive behavior toward NYCHA personnel on or about _____.

o. ☐ You or another family member were terminated from the Section 8 program by another public housing authority on or about _____.

p. ☐ You or another family member were evicted from federally-assisted housing in the last 5 years.

q. ☐ You or another family member currently owe rent to NYCHA or another public housing authority.

r. ☐ You have committed criminal offenses or acts: See attached statement.

s. ☐ Other: See attached statement.

2. You have committed fraud, bribery, or another corrupt or criminal act in connection with a federal housing assistance program in the following respect(s):

  a. ☐ You committed one of the above-checked offenses.

  b. ☐ Other: See attached statement.

3. ☐ Your share of the rent equals or exceeds the total contract rent for the apartment.

4. ☐ You have failed to establish your household earns any income or earns a realistic income.

5. ☐ Other: See attached statement.

C. If you do not believe that your Section 8 benefits should be terminated, you may request an impartial hearing. To do so, YOU MUST CHECK THE FIRST BOX AT THE BOTTOM OF THIS LETTER AND RETURN ONE COPY OF THE LETTER TO THE ADDRESS LISTED BELOW SO THAT IT IS RECEIVED WITHIN TWENTY DAYS OF THE DATE OF THIS LETTER.

At that hearing, you may appear in person with any witnesses that you would like to have testify and any documents that you want to submit. YOU MAY BE REPRESENTED BY COUNSEL OR OTHER REPRESENTATIVE OF YOUR CHOICE. If you want legal representation and cannot afford a lawyer, you may contact one of the agencies that provide free legal services. A copy of the procedures for the hearing is provided for your information.

IMPORTANT: THIS HEARING IS YOUR FINAL CHANCE TO TELL THE AUTHORITY WHY YOUR SUBSIDY SHOULD NOT BE TERMINATED.

If you request a hearing, a second letter will be mailed to you, by regular and certified mail, advising you of the date, time, and place of the hearing.

If you wish, you may also request a conference to determine if the problem with your Section 8 benefits can be resolved informally. To schedule such a conference, also check the second box at the end of this letter. If that conference does not resolve the problem, a hearing will be scheduled.

D. If you have any questions, please visit or call the Customer Contact Center at (718) 707-7771.

NEW YORK CITY HOUSING AUTHORITY

Leased Housing Department




## PROGRAMA ACTUAL DE LA VIVIENDA DE SECCIÓN 8
## TÉRMINO DE LOS PROCEDIMIENTOS DEL SUBSIDIO

El propósito de esta publicación es facilitarle a un inquilino que participe en el Programa Actual de Vivienda de Sección 8 a punto de perder el subsidio de la Autoridad de la Vivienda de la Ciudad de Nueva York, (por causa de un supuesto fallo o rechazo en satisfacer las obligaciones o requisitos como inquilino para continuar participando en el programa) a conocer las bases legales de estos procedimientos administrativos, los procedimientos que la Autoridad deberá seguir y facilitarle al inquilino-participante a preparar su defensa contra la terminación de los procedimientos del subsidio.

Los siguientes procedimientos aplican a la terminación del subsidio de la Autoridad de la Vivienda de la Ciudad de Nueva York en el Programa Actual de la Vivienda de Sección 8 para estar en conformidad con el Fallo de Consentimiento Parcial del Tribunal del Distrito de los Estados Unidos para el Distrito Sureño de Nueva York, en el caso de *Diedre Williams et al v. New York City Housing Authority*, actas del día 17 de octubre de 1984, 81 Civ., 1801, (D.J. Ward).

### TERMINACIÓN DEL SUBSIDIO O ELEGIBILIDAD DEFINIDA

1. La terminación del subsidio o de elegibilidad a cualquier participante del actual Programa de Asistencia de Vivienda de Sección 8 administrado por la Autoridad de la Vivienda de la Ciudad de Nueva York (a partir de aquí identificada como "La Autoridad") de acuerdo con el 42 U.S.C. sec. 1437f, debe hacerse solamente después de llegar a una determinación de acuerdo con los procedimientos y provisiones especificadas en ésta. Para el propósito de este fallo, el término "terminación o cancelación" significa la descontinuación de la asistencia del pago para una vivienda o de la elegibilidad bajo el Programa de Sección 8.

### DETERMINACIÓN PRELIMINARIA

2. Cualquier determinación preliminar que exista como base para proponer una terminación debe ser hecha por un empleado(a) del Departamento de la Vivienda Arrendada de la Autoridad con un título de Asistente de Vivienda o de otro título superior.

### PROCEDIMIENTOS PREVIOS A UNA AUDIENCIA/VISTA

3. Después de que se haya llegado a la determinación preliminar, la Autoridad debe tomar los siguientes pasos:

(a) Enviar una carta de advertencia escrita en inglés y español al participante por medio del correo particular, detallando específicamente los motivos por los cuales se propuso la acción adversa, y cuando apropiado, conseguir que el participante acuerde con lo mismo;

(b) Si a partir de ese entonces los motivos que llevaron a la terminación preliminar no se han remediado dentro de un tiempo razonable después de haberse enviado la carta de advertencia por correo, se debe entonces también enviar por correo certificado al participante una notificación escrita en inglés y en español y la copia por correo regular de la notificación que debe informar la propuesta de acción adversa y especificando las razones de la queja de la Autoridad, lo suficientemente detallada para que el participante pueda preparar su defensa. Informar al participante que puede requerir una audiencia con el Oficial de la Oficina de Audiencia Imparcial de la Autoridad si responde a la Notificación por escrito dentro de los treinta días después de haberse sido enviada por correo. La notificación debe incluir la información referente a la conferencia opcional que puede realizarse previamente a la audiencia con un empleado de nivel superior de supervisión (un asistente directivo o superior) del Departamento de la Vivienda Arrendada y disponible al participante; esta notificación debe incluir una copia del procedimiento e enviarse por duplicado, conteniendo una sección donde el participante pueda completar su respuesta, y con las instrucciones de que el participante debe devolver una copia con su respuesta por escrito. El formulario de notificación que debe utilizar la Autoridad en estos casos es el formulario de la Autoridad #039.038;

(c) Si el participante requiere una conferencia previa a la Audiencia, la Autoridad debe programar dicha conferencia y notificarle por correo al participante por medio de una carta escrita en inglés y en español. Durante la conferencia, el empleado de nivel de supervisión, debe discutir con el participante el problema que pueda conducir a la terminación y aclarar los factores del caso para tratar de resolver el problema; debe también cuando apropiado, ayudar al participante asegurándole asistencia por fuera. El fallo del participante de no comparecer a la conferencia opcional antes de la audiencia, no es causa de que éste renuncie al derecho a una audiencia; si el problema no se resuelve por medio de la conferencia, una audiencia debe ser programada de acuerdo al párrafo #4 de este procedimiento.

(d) Si el participante requiere una audiencia, la propuesta de terminación de la Autoridad no podrá ser implementada a no ser que se hubiera logrado una determinación final después de la audiencia de acuerdo al proceso expuesto en el párrafo 22 de este procedimiento;

(e) Donde el participante no responda a la notificación como provisto en la sección de arriba 3(b), una notificación de fallo por Incumplimiento o falta de comparecencia escrita en inglés y español debe ser enviada por correo al participante. El formulario de notificación de incumplimiento es el formulario de la Autoridad #039.039. La notificación de incumplimiento debe llevar el mismo peso y efecto de la determinación lograda después de una audiencia para cancelar el subsidio. Los procedimientos para revocar el fallo de incumplimiento están explicados en el párrafo #22 de este procedimiento.

### NOTIFICACIÓN PARA UNA AUDIENCIA

4. Si de acuerdo con lo especificado arriba, una audiencia se hubiera requerido por el participante o por el Departamento de la Vivienda Arrendada, o si el participante hubiera obtenido una por medio de una solicitud presentada después del fallo de incumplimiento inicial, la carpeta o archivo del participante debe referirse al Departamento Legal de la Autoridad para programar una audiencia después de la revisión y la aprobación de un empleado con nivel de supervisión y rango de administrador o gerente de vivienda o un título superior, de la decisión que busca una terminación.

5. El Departamento Legal de la Autoridad deberá preparar una notificación apropiada en inglés y español (Formulario de la Autoridad # 039.040), la que especificará la fecha en la que se realizará la audiencia. Esta notificación debe darle al participante por lo menos quince (15) días de anticipación a la fecha concertada para la audiencia. Incluida con la notificación debe adjuntarse una copia de la notificación enviada por la Autoridad de acuerdo con el párrafo arriba 3(b). La notificación deberá requerir que el participante conteste las especificaciones e indicar la intención de comparecer ante la audiencia por escrito, por lo menos cinco (5) días antes de la fecha concertada para la audiencia. Fallo del participante de no contestar antes de realizarse la audiencia, no significa por ello que es motivo de fallo por incumplimiento. Una copia de los procedimientos de la audiencia deberá ser adjunta a la notificación.

6. La notificación debe ser servida al participante por medio de un correo certificado y también regular a la dirección más reciente.

7. Una copia de la notificación debe ser provista al Oficial de la Oficina de Audiencia Imparcial para que apunte en el calendario de audiencias, la hora y la fecha especificadas en la notificación.



Page 4 of 6

NYCHA 059.262 (Rev. 1/10/12) v4 (old #039.037) SECTION 8 EXISTING HOUSING PROGRAM - TERMINATION OF SUBSIDY PROCEDURES - SPANISH

## NOTICE AND IMPLEMENTATION

22. A determination to terminate a participant's subsidy or eligibility shall be implemented, as follows:

   (a) A Notice in English and Spanish shall be sent to the participant by regular and certified mail setting forth the Authority's determination and including a copy of the hearing officer's decision and an explanation of the right to seek judicial review and of the procedure for reopening a default; the forms of said notice are Authority Forms #039.041&R, #039.041A&R and #039.041B&R to be used for a determination after a hearing and Authority Forms #039.042&R and 039.042A&R to be used for a determination upon default where the participant fails to appear for a scheduled hearing;

   (b) where, after a hearing, there is a determination to terminate the subsidy based upon a finding of fraud against the Section 8 program, the subsidy shall be terminated on the tenth day following the date of mailing of said Notice of Determination, except where under review pursuant to paragraph 21 (Authority Form #039.041A&R);

   (c) in all other cases, termination shall occur on the fortieth calendar day following the date of mailing of a Notice of Determination after a hearing (Authority Form #039.041&R) and on the forty-fifth calendar day following the date of mailing of a notice of default (Authority Forms #039.039&R and #039.042&R), subject to the provisions of paragraphs 8, 21 and 22(d);

   (d) where the determination to terminate the subsidy results from the default of the participant in appearing at the hearing or the participant has been served with a Notice of Default for failure to request a hearing, the participant shall obtain such a hearing upon submission of a written request for the reopening of such default, directed to the Authority at the office specified on the notice of default (Authority Form #039.039) or determination (Authority Form #039.042), if such request is received prior to the forty-fifth day following the mailing of the Notice Determination or Notice of Default; however, where a default has previously been reopened, a second default may only be reopened, pursuant to paragraph 13 of this procedure, if the request is made prior to the date of mailing of the Notice of Determination issued after such second default (Authority Form #039.042A &R);

   (e) in situations where a default may not be reopened pursuant to paragraphs 13 or 22(d), the hearing officer shall never the less reopen the default upon a showing of good cause but shall not restore the subsidy pending the final determination;

   (f) for the purposes of Section 217 and Article 78 of the Civil Practice Law and Rules, the determination to terminate a subsidy shall, in all cases, become final and binding upon receipt of the Notice of Determination pursuant to paragraph 22(a) hereinabove, or the Notice of Default, pursuant to paragraph 3(e) above, except that where a default is reopened, the statute of limitations shall begin to run upon receipt of the Notice of Determination following the completion of such reopened proceeding or where the members of the Authority review a determination pursuant to paragraph 21 the statute of limitations shall begin to run upon receipt of the notice of the results of such review;

   (g) for the purposes of this paragraph, there is a rebuttable presumption of receipt of the requests or notices referred to herein on the fifth day following the date of mailing.

23. Nonetheless, where a participant is subject to pending summary eviction proceedings by his or her private landlord and the Authority also is proceeding to terminate the participant's subsidy or eligibility in the Section 8 program pursuant to these procedures, the Authority may decline to issue the participant a new certificate of family participation pending the completion of proceedings to terminate the subsidy or eligibility only if the Authority continues the participant's current level of subsidization and the participant is not evicted pending a determination pursuant to these procedures. If the participant is evicted and the Authority issues a new Certificate pending completion of proceedings to terminate the participant's eligibility or subsidy, the Authority, in its sole discretion, may stamp on such Certificate the following: "continued subsidy and eligibility are subject to pending review."

24. (a) A final determination to terminate Section 8 benefits or eligibility and any findings contained therein shall not be binding as to any issue, claim, or defense in any other proceeding;

   (b) however, this paragraph shall not be deemed or construed:

   (1) to confer jurisdiction on any court or tribunal to review the constitutionality, lawfulness, reasonableness o substantiality of such determination, beyond that conferred by the laws of the United States and of the State of New York;

   (2) to alter the burden of proof or the applicable standard of review in any proceeding brought to challenge the constitutionality, lawfulness, reasonableness or substantiality of such determination;

   (3) to prevent the Authority from employing such determination to the extent permitted by law, in making any subsequent decision regarding the participant's eligibility for admission to or participation in any program administered by the Authority.




La decisión de los miembros deberá completarse dentro de un tiempo razonable. Si la decisión fuera menos favorable que la decisión hecha por el Oficial de Audiencia; la determinación de la Autoridad debe incluir una información por escrito para establecer las bases de las regulaciones y los contratos o procedimientos que llevaron a tal determinación. El inquilino o su representante deberá ser informado inmediatamente por correo de tal determinación. En caso de que los miembros de la Autoridad revisen una decisión adversa al participante, la decisión no debe ser definitiva u obligatoria como tampoco ser implementada por la Autoridad hasta que no haya sido revisada.

## NOTIFICACIÓN E IMPLEMENTACIÓN

22. Una determinación para terminar el subsidio de un participante o la implementación de elegibilidad debe conducirse de la siguiente manera:

(a) Una notificación escrita en inglés y español debe ser enviada al participante por corro regular y certificado, estableciendo la determinación de la Autoridad e incluyendo una copia de la decisión del oficial de audiencia y una explicación de los derechos a los que tiene acceso para requerir una revisión judicial y los procedimientos para re-abrir un fallo. Los formularios para dichas notificaciones son los formularios de la Autoridad #039.041&R, #039.041A&R y #039.041B&R que deben ser usados para una determinación después de una audiencia y los formularios #039.042&R y 039.042A&R, que deben ser usados para la determinación del fallo por incumplimiento del participante;

(b) Donde después de una audiencia existiera una determinación para la terminación de un subsidio por fraude contra el programa de Sección 8, el subsidio deberá ser cancelado a los diez días a partir de la fecha en que se envío por correo la notificación de la determinación, excepto cuando el fallo se encuentre bajo su revisión de acuerdo al párrafo 21 (formulario de la Autoridad #039.041&R);

(c) En todos los otros casos, la terminación deberá ocurrir a los cuarenta días de un calendario comenzando al día siguiente de la fecha en que se envío por correo la notificación de la determinación después de la audiencia (formulario de la Autoridad #039.041&R) y a los cuarenta y cinco días después de la fecha del envío por correo de la notificación de fallo por incumplimiento (formulario de la Autoridad #039.039&R y #039.042&R) sujeto a las provisiones de los párrafos 8, 21, y 22(d);

(d) Donde la determinación para el término un subsidio resultara del fallo de un participante por no haber comparecido ante una audiencia o porque el participante hubiera sido servido con una notificación de fallo por no haber requerido una audiencia, el participante puede obtener una audiencia si somete una petición por escrito para que re-abra el caso de dicho fallo dirigida a la oficina de la Autoridad que se especifica en la notificación del fallo (formulario de la Autoridad #039.039) o de determinación (formulario de la Autoridad #039.042); Si el requerimiento es recibido antes de los cuarenta y cinco días después de la fecha del envío por correo de la notificación de determinación o notificación de fallo; sin embargo, en el caso de que un fallo se hubiera re-abierto previamente, un segundo fallo puede re-abrirse solamente si concuerda con el párrafo 13 de este procedimiento y si esta petición se hace previamente a la fecha del envío por correo de la notificación de determinación emitida después del segundo fallo por incumplimiento (formulario de la Autoridad #039.042A&R);

(e) En las situaciones donde un fallo no se haya re-abierto de acuerdo a los párrafos 13 o 22(d), el oficial de audiencia debe aún así, re-abrir el caso del fallo mostrando buena causa pero no restaurando el subsidio hasta que no se determine la decisión final.

(f) Para cumplir con la Sección 27 y Artículo #78 de Regulaciones de Práctica de la Ley Civil, la determinación para terminar un subsidio será en todos los casos la obligación final y obligatoria desde el recibo de la notificación de determinación referente al párrafo 22(a) incluido arriba, o de la notificación de fallo por incumplimiento, referente al párrafo de arriba 3(e), con excepción de que si el fallo es re-abierto, los estatutos de limitaciones deberán comenzar desde el recibo de la notificación de determinación seguido de la complementación de los procedimientos en sí re-abiertos o donde los miembros de la Autoridad revisen la determinación de acuerdo con el párrafo 21, el estatuto de limitaciones deberá comenzar desde el recibo de la notificación del resultado de la revisión;

(g) Para el propósito de este párrafo existe una presunción rebatible del recibo de las peticiones o notificaciones referidas aquí mencionadas en el día quinto a partir de la fecha del envío por correo.

23. Sin embargo, si un participante está sujeto a la espera del resumen del procedimiento de desalojo de un casero privado y si la Autoridad también está procesando el término del subsidio o de elegibilidad del participante para el programa de Sección 8 de acuerdo a los procedimientos, la Autoridad puede que decline la emisión de un certificado nuevo de participación para el participante y su familia hasta que no se complete el procedimiento del término del subsidio o de elegibilidad, sólo si la Autoridad continúa con el deseo de subsidiar al participante en su nivel actual y si el participante no es desalojado mientras esté pendiente la determinación de acuerdo a estos procedimientos. Si el participante es desalojado y la Autoridad emite un nuevo certificado pendiente a la complementación de los procedimientos para terminar la elegibilidad o subsidio del participante, la Autoridad, a su entera discreción, pueda que ponga un sello sobre uno de estos certificados con lo siguiente: "la continuación del subsidio y de elegibilidad esta sujeto a una revisión pendiente".

24. (a) La determinación final para cancelar o terminar los beneficios de Sección 8 o de elegibilidad y cualquier otro resultado contenidos aquí, no es obligatoria con ningún asunto, reclamo, defensa o cualquier otro procedimiento:

(b) Sin embargo, este párrafo no debe ser ni considerado ni interpretado:

(1) Para conferir jurisdicción a cualquier corte o tribunal para revisar constitucionalmente, legitimidad, racionabilidad o substancialmente dicha determinación y más allá de lo que confieren las leyes de los Estados Unidos y del Estado de Nueva York;

(2) Para alterar el peso de la prueba o el estándar aplicable de revisión en cualquier procedimiento que rete constitucionalmente, legítimamente, razonablemente, o substancialmente dicha determinación;

(3) Para prevenir a la Autoridad que use dicha determinación a la extensión permitida por la ley, decidiendo subsecuentemente con respecto a la elegibilidad del participante por admisión o participación en cualquier programa administrado por la Autoridad.



Page 6 of 6

NYCHA 059.262 (Rev. 1/10/12) v4 (old #039.037) SECTION 8 EXISTING HOUSING PROGRAM - TERMINATION OF SUBSIDY PROCEDURES - SPANISH

## PAGO DEL SUBSIDIO

8. Los pagos de asistencia para una vivienda deberán continuarse mientras que se espera por la audiencia y se establezca la operación de los procedimientos en dicha audiencia, incluyendo pero no limitando, las situaciones donde el fallo de incumplimiento se hubiera reconsiderado de acuerdo a los párrafos 13 o 22(d) de este procedimiento.

## LA AUDIENCIA

9. El participante puede obtener un abogado u otro representante para que atienda la audiencia.

10. Todas las audiencias bajo estos procedimientos deberán realizarse delante de uno de los oficiales de la Oficina de Audiencia Imparcial de la Autoridad de la Vivienda de la Ciudad de Nueva York, basándose en la resolución de la Autoridad (Núm. 84-8/22-9) donde los oficiales están autorizados para hacer decisiones en los asuntos cubiertos por tales procedimientos.

11. El Oficial de Audiencia no debe formar parte de ninguna recomendación sobre la cual la propuesta de acción adversa se hubiera basado como tampoco tener acceso a una carpeta o archivo, información, o registro con respecto a la acción propuesta, fuera de la que se presentó durante la audiencia.

12. El fallo por incumplimiento de un participante para comparecer delante de una audiencia en una fecha determinada, deberá anotarse en el libro de registros y donde el oficial de la audiencia deberá anotar por escrito su decisión.

13. Si el participante solicita por escrito antes de la fecha de envío por correo de la notificación final y obligatoria de la Autoridad para terminar el subsidio, el oficial de la audiencia debe reconsiderar el fallo y programar otra audiencia. Una petición para reconsiderar un fallo recibido posteriormente, debe ser cubierto por el párrafo # 22 de este procedimiento.

14. Una petición razonable para concertar otra audiencia en una fecha más conveniente puede ser garantizada y la audiencia podría posponerse o continuarse por buena causa con la petición por cualquiera de las dos partes.

15. El participante cuando se presenta pro sé, o por un representante, tiene derecho por medio de una petición a examinar aquellos documentos que pertenezcan a la Autoridad y estén relacionados con los asuntos envueltos en la Audiencia. La Autoridad tendrá derecho si lo pide, a examinar aquellos documentos que pertenezcan al participante si son relacionados con los asuntos presentados en la audiencia. Este examen deberá llevarse a cabo durante una cita programada en un lugar determinado por la Autoridad para tal propósito antes de convenir la audiencia. Cualquier asunto que no esté disponible al momento de ser requerido en la audiencia de acuerdo a éste párrafo15, puede que no se tome en cuenta.

16. El récord completo de una audiencia debe mantenerse, transcribirse y entregarse al participante y a su abogado sin ningún costo si fuera requerido en caso de que el participante pidiera por un procedimiento judicial de revisión o de reto contra la determinación de la Autoridad. En caso de ausencia de un procedimiento judicial, una transcripción de la audiencia deberá ser provista cuando sea requerida lo mismo que el costo de la transcripción.

17. El Oficial de Audiencia debe conducir la audiencia y el Departamento Legal debe presentar el caso a la Autoridad de acuerdo con estos procedimientos. El Oficial de Audiencia debe escuchar a los testigos y recibir la evidencia verbal y por escrito ofrecida por la Autoridad como prueba de los cargos especificados en la notificación de propuesta de acción adversa y como evidencia ofrecida en respuesta por el participante. Se permitirán contra-interrogatorios. Citaciones pueden ser dictadas si son requeridas y apropiadas. Las regulaciones técnicas de evidencia no deben ser ejecutas o impuestas, pero las pruebas ofrecidas deben ser pertinentes y basadas en los cargos involucrados, excepto cuando el participante ofrece evidencias o declaraciones atenuantes y a las cuales la Autoridad pueda responder con evidencia o declaraciones pertinentes al caso.

18. Dentro del tiempo razonable después de una audiencia, el Oficial de Audiencia debe preparar una decisión por escrito especificando cada uno de los motivos por separado por los que se propuso la acción adversa: las respuestas establecidas, todos los asuntos pertinentes y planteados en la audiencia, los resultados legales y de hechos específicos, incluyendo los resultados si es que fueran pertinentes y aprobados. Tal decisión debe ser basada únicamente en el testimonio, los documentos y la evidencia física que fue admitida como evidencia en la audiencia y no basado exclusivamente en pruebas por referencias o de oídas.

19. (a) El Oficial de la Audiencia puede disponer lo siguiente:

   (1) Terminación del Subsidio;

   (2) Terminación del Subsidio en cierta fecha a no ser que las condiciones que se hubieran especificado se hubieran corregido o satisfecho;

   (3) Continuación del Subsidio.

   (b) La disposición establecida en los párrafos de arriba 19(a) (2) y 10(a) 3, no debe ser disponible cuando se concluya un fraude. Las disposiciones establecidas en los párrafos de arriba 19(a) (1) y 19(a) (2), deben ser solamente disponibles cuando las razones para la terminación sean apropiadas y estén aprobadas.

20. La determinación debe enviarse al Departamento Legal y al participante lo mismo que a su abogado o a su representante si hubiera alguno dentro de un tiempo razonable después de la audiencia. La decisión del Oficial de Audiencia junto con el testimonio, los documentos y la evidencia física admitidos durante la audiencia debe constituir el récord.

21. La decisión del Oficial de Audiencia debe ser obligatoria a la Autoridad a menos que dentro de los diez (10) días a partir de la fecha de emitirse la decisión se le envíe una notificación por correo al inquilino o a su representante de que la decisión se encuentra bajo revisión por los miembros de la Autoridad. Durante la revisión de dicha decisión los miembros de la Autoridad deben considerar y limitarse solamente a lo que está basado en el récord si es que la decisión del Oficial de Audiencia fuera contraria a la ley aplicable Federal, Estatal o local, o a las regulaciones de HUD y a los requisitos de la contribución anual que existen entre el Departamento de Vivienda y Desarrollo Urbano de los Estados Unidos y la Autoridad de la Vivienda, o si se hubieran violado estos procedimientos.



Page 5 of 6

NYCHA 059.262 (Rev. 1/10/12) v4 (old #039.037) SECTION 8 EXISTING HOUSING PROGRAM - TERMINATION OF SUBSIDY PROCEDURES - SPANISH

**IMPORTANTE:** Puede subir el documento usando el portal de autoservicio para inquilinos. Recibirá una confirmación al instante, indicando que se ha recibido su documento. Vaya al sitio web de NYCHA a www.nyc.gov/nycha e ingrese al portal de autoservicio para inquilinos.

    c. No ha utilizado su apartamento de la Sección 8 como residencia exclusiva para usted y su familia desde aproximadamente _____, puesto que:

        1. Ha subarrendado/cedido/transferido su apartamento.

        2. Ha utilizado su apartamento para llevar a cabo una actividad comercial sin contar con la autorización.

        3. Ha permitido que una persona no registrada en el contrato, resida en el apartamento.

    d. No ha utilizado su apartamento de la Sección 8 como residencia exclusiva para usted y su familia desde aproximadamente _____, ya que la residencia principal de su familia era:

    e. No ha proporcionado información verdadera y completa sobre los ingresos de su familia o de su composición familiar en la declaración jurada de ingresos que presentó en la(s) siguiente(s) fecha(s):

    f. Ha recibido asistencia de alquiler de Sección 8 mientras recibía otro subsidio de vivienda de un programa del gobierno federal, estatal o local.

    g. Ha quebrantado el acuerdo estipulado con fecha _____ respecto a pagar las cantidades adeudadas y todavía debe USD _____.

    h. Usted o un miembro autorizado de su familia se mudaron del apartamento sin notificar a NYCHA o no han proporcionado información solicitada o la certificación de su dirección actual o la del miembro de su familia.

    i. Fue desalojado de su apartamento o no brindó a tiempo una copia del aviso de desalojo.

    j. No participó en el programa de administración de casos establecida por el programa de vivienda solidaria para veteranos. Consultar el documento adjunto.

    k. No permitió que el propietario ingrese para hacer reparaciones.

    l. No ha remediado los daños ocasionados por usted o algún miembro de su familia.

    m. Ha cometido infracciones serias y reiteradas contra el contrato de alquiler. Consultar el documento adjunto.

    n. Usted o un miembro de su familia se comportaron de manera violenta, amenazadora u ofensiva hacia miembros del personal de NYCHA alrededor de _____.

    o. Otra Autoridad de Vivienda Pública, le suspendió a usted o a un miembro de su familia del Programa de Sección 8 alrededor de _____.

    p. Usted u otro miembro de su familia fueron desalojados de una vivienda subsidiada por el gobierno federal en os últimos 5 años.

    q. Usted u otro miembro de su familia actualmente deben alquiler a NYCHA o a otra autoridad de vivienda pública.

    r. Usted ha cometido delitos o actos delictivos: Consultar el documento adjunto.

    s. Otro Consultar el documento adjunto.

2. Ha cometido fraude, soborno u otro acto corrupto o delictivo en relación al programa federal de asistencia de vivienda de acuerdo a lo siguiente:

    a. Ha cometido una de las faltas arriba marcadas.

    b. Otro: Consultar el documento adjunto.

3. Su parte del alquiler equivale o excede al monto total del contrato del alquiler para dicho apartamento.

4. No ha entregado pruebas de los ingresos de su núcleo familiar o no ha presentado pruebas de un ingreso acorde con la realidad.

5. **Otro:** Consultar el documento adjunto.



NYCHA TR059001-02_V9 (Rev. 8/22/14)　　　　　　　　　　2 of 3

| NOTICE OF TERMINATION OF SECTION 8 SUBSIDY - T1 *(SPANISH LANGUAGE KEY)* <br><br> FINALIZATION DEL SUBSIDIO DE LA SECCION 8 - T1 *(GUÍA EN ESPAÑOL)* | **NEW YORK CITY HOUSING AUTHORITY** <br> **LEASED HOUSING DEPARTMENT** <br><br> AUTORIDAD DE LA VIVIENDA DE LA CIUDAD DE NUEVA YORK <br> DEPARTAMENTO DE LA VIVIENDA ARRENDADA |
|---|---|

> **Este documento es la traducción de un documento expedido por NYCHA. NYCHA proporciona esta traducción a usted únicamente a modo de conveniencia para que le ayude a comprender sus derechos y obligaciones. La versión en inglés es el documento oficial, legal, el que rige. Esta traducción no constituye un documento oficial.**
> **Este formulario únicamente se debe completar, firmar, y fechar en la versión en inglés.**

**Centro de Atención al Cliente (CCC): 718 707-7771**

**FINALIZACIÓN DEL SUBSIDIO DE LA SECCIÓN 8**

A. N° de vale

B. La Autoridad de Vivienda de la Ciudad de Nueva York pretende finalizar su subsidio de alquiler de Sección 8 debido a las razones marcadas a continuación:

1. Ha incumplido su obligación familiar según las normas actuales de la Sección 8 debido a:

    a. No permitió que se inspeccione su apartamento el _____ y el _____ tras haber recibido el aviso con tiempo prudente.

    b. No ha llenado los formularios a continuación o no ha entregado la información necesaria para tramitar su recertificación anual para que NYCHA pueda administrar el programa de Sección 8:

| Documento/Formulario | Miembro(s) de la familia |
|---|---|
| 1. Declaración jurada de ingresos | |
| 2. Informe de anualidad percibida | |
| 3. Extractos bancarios y/o libretas de ahorros | |
| 4. Certificado de valor neto e ingresos provenientes de una actividad comercial | |
| 5. Declaración de patrimonio de los últimos 12 meses | |
| 6. Declaración de intereses percibidos (1099) | |
| 7. Carta del empleador que certifique su empleo | |
| 8. Declaración del valor del seguro de vida en efectivo | |
| 9. Declaración de pago militar/pago de veterano | |
| 10. Talonarios de sueldo | |
| 11. Carta de adjudicación de pensión | |
| 12. Prueba de aportes económicos en efectivo al núcleo familiar | |
| 13. Prueba de manutención de menores/pensión alimenticia | |
| 14. Prueba de ingreso - Por niños adoptados/ Niños de crianza | |
| 15. Pruebas de otros patrimonios (p.ej.401k, bonos, IRA/ROTH IRA cuenta de jubilación, acciones, fondo fiduciario) | |
| 16. Prueba de bienes inmuebles | |
| 17. Prueba de ingresos proveniente de empleo por cuenta propia | |
| 18. Prueba de beneficios por indemnización al trabajador | |
| 19. Solicitud del certificado de la declaración de impuestos | |
| 20. Verificación por terceros - Consentimiento para la divulgación de información | |
| 21. Verificación de ingresos - Año completo (NYCHA Form 059.613 | |



NYCHA TR059001-02_V9 (Rev. 8/22/14)     1 of 3     

NYC Housing Authority
NICE
PO Box 1530
New York NY 10008-1342



USPS CERTIFIED MAIL

9207 1903 2530 0100 0000 0531 03

MARIE BANKS GERVAIS
194 Malcolm X Blvd Apt B3
Brooklyn, NY 11221

**PAYMENT OF SUBSIDY**

8. Housing Assistance Payments shall continue during the pendency of the hearing and the operation of the procedures set forth herein, including but not limited to those situations where a default has been reopened pursuant to paragraphs 13 or 22(d) of this procedure.

**THE HEARING**

9. The participant may have an attorney or other representative for the hearing.

10. All hearings under these proceedings shall be held before one of the hearing officers of the New York City Housing Authority's Office of Impartial Hearing Officer upon resolution of the Authority (No. 84-8/22-9) that such hearing officers are authorized to make decisions concerning the matters covered by these procedures.

11. The Hearing Officer shall not have had any part in the recommendation upon which the proposed adverse action is based or access to any files, information, or records concerning the proposed action other than what is introduced at the hearing.

12. A participant's default in appearance at a scheduled hearing shall be noted on the record and the Hearing Officer will make his decision, in writing, on the record before him.

13. Upon written application made by the participant prior to the date of mailing of the final and binding Notice of Determination by the Authority to terminate the subsidy, the hearing officer shall open such default and reschedule the hearing. An application to reopen a default received thereafter shall be governed by paragraph 22 of this procedure.

14. A reasonable request for the rescheduling of a hearing to a more convenient date may be granted and a hearing may be adjourned or continued for good cause at the request of either party.

15. The participant, when appearing pro se, or the participant's representative, shall have the right, upon request, to examine such documents belonging to the Authority as relate to the issues involved in the Hearing. The Authority shall have the right, upon request, to examine such documents belonging to the participant as relate to the issues involved in the Hearing. Such examination shall be by appointment, at the place designated by the Authority for that purpose, prior to the convening of such hearing. Any matter not made available upon request pursuant to this paragraph 15 may not be relied upon at the Hearing.

16. A complete record will be made of the hearing which will be transcribed and furnished to the participant or his or her attorney without charge, upon request, if a judicial proceeding to review or challenge the Authority's determination is brought by the participant. In the absence of a judicial proceeding, a transcript of the hearing will be provided upon request and the payment of the cost of transcription.

17. The Hearing Officer shall conduct the hearing and the Authority's Law Department shall present the Authority's case in accordance with these procedures. The Hearing Officer shall hear witnesses and receive oral and written evidence offered by the Authority as proof of the grounds specified in the Notice for the proposed adverse action and like evidence offered in response by the participant. Cross-examination shall be permitted. Subpoenas shall be issued upon request where appropriate. Technical rules of evidence shall not be enforced, but the proof offered shall be relevant to and based upon the grounds involved, except that the participant may offer mitigating evidence and statements to which the Authority then may respond with evidence or statements relevant thereto.

18. Within a reasonable time after the hearing, the Hearing Officer shall prepare a written decision, which shall set forth with respect to each specified ground for proposed adverse action: the answers thereto, all relevant issues raised at the hearing, and specific legal and factual findings, including findings as to whether the specific grounds have been proven. Such decision shall be based solely on testimony, documents and physical evidence admitted into evidence at the hearing and may not be based exclusively on hearsay evidence.

19. (a) The Hearing Officer may make the following dispositions:

  (1) termination of subsidy;

  (2) termination of subsidy on a certain date unless specific conditions have been corrected or fulfilled;

  (3) continuation of subsidy.

 (b) The disposition set forth in paragraphs 19(a) (2) and 19(a) (3), above shall not be available where there has been a finding of fraud. The dispositions set forth in paragraphs 19(a) (1) and 19(a) (2), above, shall be available only where the appropriate grounds for termination have been proven.

20. The determination shall be sent to the Law Department and the participant and his or her attorney or representative, if any, within a reasonable time after the hearing. The Hearing Officer's decision together with the testimony, documents, and physical evidence admitted at the hearing shall constitute the record.

21. The decision of the Hearing Officer shall be binding on the Authority unless, within ten (10) days of the date of such decision, notice is mailed to the tenant or his or her representative that the decision is under review by the members of the Authority. In reviewing the decision, the members of the Authority shall consider and rely only upon the record, and such review shall be limited to whether the decision of the Hearing Officer is contrary to applicable Federal, State or Local law, HUD regulations, requirements of annual contribution contracts between the United States Department of Housing and Urban Development and the Authority or violates these procedures.
The members' determination shall be made within a reasonable time. If less favorable to the participant than the decision of the Hearing Officer, the Authority's determination shall include a written statement setting forth the specific bases in regulations, contracts or procedures for such determination. The tenant or his or her representative shall be promptly notified by mail of such determination. In the event members of the Authority review a decision adverse to the participant, the decision shall not be final or binding and shall not be implemented by the Authority pending the review.



# NEW YORK CITY HOUSING AUTHORITY
## SECTION 8 EXISTING HOUSING PROGRAM
## TERMINATION OF SUBSIDY PROCEDURES

The purpose of publishing these procedures is to enable a tenant-participant in the Section 8 Existing Housing Program who faces the termination of his or her subsidy by the New York City Housing Authority (by reason of his or her alleged failure or refusal to meet the obligations or requirements of a tenant for continued participation in the Program) to know the legal basis for such administrative proceedings, the procedures which the Authority will follow, and to enable the tenant-participant to prepare a defense to such termination of subsidy proceedings.

The following procedures apply to termination of subsidy by the New York City Housing Authority in the Section 8 Existing Housing Program to conform with the Partial Consent Judgment of the United States District Court for the Southern District of New York in the case of *Diedre Williams et al v. New York City Housing Authority*, docketed October 17, 1984, 81 Civ. 1801, (D.J. Ward).

### TERMINATION OF SUBSIDY OR ELIGIBILITY DEFINED

1. Termination of the subsidy or eligibility of any participant in the Section 8 Housing Assistance Program for Existing Housing, administered by the New York City Housing Authority (hereinafter the "Authority") pursuant to 42 U.S.C. sec. 1437f, shall be made only after a determination in accordance with the procedures and provisions herein. For the purposes of this judgment "termination" shall mean a discontinuance for any period of Housing Assistance payments or eligibility under the Section 8 program.

### PRELIMINARY DETERMINATION

2. A preliminary determination that there exists a basis for a proposed termination must be made by an employee of the Authority's Leased Housing Department having the title of Housing Assistant or above.

### PRE-HEARING PROCEDURES

3. After such preliminary determination is made, the Authority shall take the following steps:

(a) a warning letter in English and Spanish will be sent to the participant, by regular mail, specifically stating the basis for the proposed adverse action; and, where appropriate, seeking the participant's compliance;

(b) thereafter, if the conditions which led to the preliminary determination have not been remedied within a reasonable period of time after the mailing of the warning letter, a notice in English and Spanish shall be sent to the participant by certified mail with a copy by regular mail; the notice shall state the proposed adverse action and specific grounds for the Authority's complaint with enough specificity for the participant to prepare a defense. It shall inform the participant that he or she may request a hearing before the Authority's Office of the Impartial Hearing Officer by responding to the notice, in writing, within twenty days after mailing; the notice shall include information about the optional pre-hearing conference with a supervisory-level employee (Assistant Manager or above) of the Leased Housing Department that is available to the participant; said notice shall include a copy of the procedure herein, shall be sent in duplicate, and will contain a section where the participant may fill in his or her response; with instructions that the participant return one copy with his or her written response. The form of the notice to be utilized by the Authority in such cases is Authority form #039.038;

(c) if the participant requests a pre-hearing conference, the Authority shall schedule the conference upon written notice in English and Spanish mailed to the participant. At the conference the supervisory-level employee will discuss the problem which may lead to termination with the participant to ascertain the facts involved and attempt to resolve the problem, and, when appropriate, seek to assist the participant in securing any outside assistance necessary. The participant's failure to appear for an optional pre-hearing conference shall not be deemed a waiver of the right to a hearing; if the problem is not resolved by the conference, a hearing shall then be scheduled pursuant to paragraph 4 of this procedure;

(d) if the participant requests a hearing, the Authority's proposed termination shall not be implemented unless and until there is a final determination after such hearing in accordance with the procedures set forth in paragraph 22 of this procedure;

(e) in the event that the participant does not respond to the notice as provided for in Section 3(b) above, Notice of Default, in English and Spanish, shall be mailed to the participant. The form for said Notice of Default is Authority Form #039.039. Said Notice of Default shall have the same force and effect as a determination after a hearing to terminate the subsidy, and procedures for vacating such default shall be those set forth in paragraph 22 of this procedure.

### NOTICE OF HEARING

4. Where in accordance with the above a hearing has been requested by either the participant or the Leased Housing Department or obtained by the participant upon application after an initial default, the participant's file shall be referred to the Authority's Law Department to schedule a hearing after review and approval by a supervisory-level employee of the rank of Housing Manager or above of the decision to seek a termination.

5. The Authority's Law Department shall prepare an appropriate notice in English and Spanish (Authority Form #039.040), in which there shall be set forth the date on which the hearing will be held. Such notice shall give the participant at least fifteen (15) days advance notice of the date fixed for the hearing. Enclosed with this notice shall be a copy of the notice sent by the Authority pursuant to paragraph 3(b) above. The notice shall request that the participant answer the specifications and signify an intention to appear at the hearing, in writing, at least five (5) days prior to the date set for the hearing. Failure of the participant to answer prior to the hearing shall not be cause for a default. A copy of the hearing procedures shall accompany the notice.

6. The Notice shall be served on the participant by certified and regular mail, addressed to the participant at his or her last known address.

7. A copy of the Notice shall be furnished to the Office of Impartial Hearing Officer which shall calendar the hearing for the date and time specified therein.



C. Si cree que no se le debe suspender el subsidio de la Sección 8, puede solicitar una audiencia imparcial. Para ello, DEBE MARCAR LA PRIMERA CASILLA AL FINAL DE ESTA CARTA, CONSERVAR UNA COPIA, Y ENVIAR EL ORIGINAL A LA DIRECCIÓN INDICADA ABAJO DE MODO QUE SE RECIBA DENTRO DE LOS VIENTE DIAS POSTERIORES A LA FECHA EN LA PRESENTE CARTA.

Usted puede acudir a la audiencia con los testigos que desee presten un testimonio y con los documentos que desee presentar. DURANTE LA AUDIENCIA TIENE LA OPCIÓN DE SER REPRESENTADO POR UN ABOGADO U OTRA PERSONA DE SU ELECCIÓN. Si desea obtener representación legal y no puede pagar un abogado, puede comunicarse con una de las agencias que proporcionan servicios legales gratuitos. Se adjunta una copia de los procedimientos que regulan la audiencia como material de consulta.

**IMPORTANTE: LA AUDIENCIA ES SU ÚLTIMA OPORTUNIDAD PARA JUSTIFICAR ANTE LA AUTORIDAD QUE SU SUBSIDIO NO DEBE SER SUSPENDIDO.**

Si usted va a solicitar una audiencia, se le enviará una carta por correo convencional y certificado para informarle la fecha, hora y lugar de la audiencia.

Si desea puede solicitar una conferencia a objeto de determinar si el problema de la suspensión de su subsidio puede resolverse informalmente. Para fijar una conferencia, marque la segunda casilla al final de la carta. Si el problema no se resuelve en la conferencia, se programará una audiencia.

D. Si tiene alguna pregunta, llame al Centro de Atención al Cliente al (718) 707-7771.

New York City Housing Authority
Leased Housing Department

E. Marque las casillas correspondientes:

1. Deseo acudir a una audiencia para disputar la terminación de mi subsidio de alquiler de la Sección 8.

2. Me gustaría asistir a una conferencia informal. (Si el problema no se resuelve en la conferencia, se programará una audiencia).

   3. Firma          4. Fecha              F. N° de vale
                    (mm/dd/aaaa)

G. Devuelva este formulario a:   **New York City Housing Authority**
                                 Leased Housing Department
                                 P.O. Box 19201
                                 Long Island City, NY 11101


NYCHA TR059001-02_V9 (Rev. 8/22/14)        3 of 3
